UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

OREN 2015, LLC                                     **COMPLAINT**

                                                   **JURY DEMAND**

      Plaintiffs,

                                                   Case No.
v.                                                 HON:

CITY OF SOUTHFIELD

      Defendant.
_____

THE LAW OFFICES OF AARON D. COX, PLLC
Aaron D. Cox (P69346)
Co-Counsel for Plaintiff
23380 Goddard Rd.
Taylor, MI 48180
734-287-3664
Aaron@aaroncoxlaw.com

MARK K. WASVARY, P.C.
Mark K. Wasvary (P51575)
Co-Counsel for Plaintiff
2401 W. Big Beaver Rd., Suite 100
Troy, MI 48084
248-649-5667
_____

**CLASS-ACTION COMPLAINT**

OREN 2015, LLC on behalf of all others similarly situated, by and through

1

the undersigned attorneys from THE LAW OFFICES OF AARON D. COX, PLLC and MARK K. WASVARY, P.C., states for this Complaint as follows:

## I. NATURE OF THE ACTION

1. This action is brought on behalf of a class of all persons who own real property in the City of SOUTHFIELD (the "City").

2. The State of Michigan under the Home Rule City Act (MCL 117.1 et seq.) permits municipal corporations like the City to adopt certain laws, codes, or rules for building maintenance issues.

3. MCL 117.3 (K) specifically addresses the adoption of certain building codes:

> Except as otherwise provided under the Stille-DeRossett-Hale single state construction code act, 1972 PA 230, MCL 125.1501 to 125.1531, a city may adopt a law, code, or rule that has been promulgated and adopted by an authorized agency of this state pertaining to fire, fire hazards, fire prevention, or fire waste, and a fire prevention code, plumbing code, heating code, electrical code, building code, refrigeration machinery code, piping code, boiler code, boiler operation code, elevator machinery code, an international property maintenance code, or a code pertaining to flammable liquids and gases or hazardous chemicals, that has been promulgated or adopted by this state, by a department, board, or other agency of this state, or by an organization or association that is organized and conducted for the purpose of developing the code, by reference to the law, code, or rule in an adopting ordinance and without publishing the law, code, or rule in full. The law, code, or rule shall be clearly identified in the ordinance and its purpose shall be published with the adopting ordinance. Printed copies of the law, code, or rule shall be kept in the office of the city clerk, available for inspection by, and distribution to, the public at all times. The publication shall contain a notice stating that a complete copy of the law, code, or rule is made available to the public at the office of the city clerk in compliance with state law requiring that records of public bodies be made available to the general public.

4.      The City has adopted a number of codes pursuant to the Home Rule City Act and MCL 117.3 (K).

5.      Section 8.141 of the City's codes adopts the International Property Maintenance Code (IPMC).

6.      The IPMC is the City's guideline for issuing a certificate of compliance for existing residential real property in the City. The City requires all residential real property to pass inspections pursuant to the IPMC.

7.      Sec. 104.3 of the IPMC expressly authorizes the City's code official to enter any premises without a warrant upon reasonable cause to perform an inspection of the property.

8.      Sec. 8.509 of the City's code specifically mandates the City's inspectors to enter real property without a warrant:

> The owner shall schedule with the department the date and time of the inspection; and the department shall notify the owner of the fees that must be paid before the inspection. The owner shall be responsible for notifying each tenant or occupant of the rental dwelling of the date and time of the inspection. The owner or agent is required to provide the code official with access to the rental dwelling and accompany the code official during the performance of all inspections and in the event that the tenant or occupant is not present, the owner or agent must provide access to the inspector by unlocking the door of the tenant or occupant's dwelling unit, verifying that no occupant is present and securing the dwelling unit after the inspection is completed.

Sec 8.509 and Sec 104.3 of the IPMC will collectively be referred to in this complaint as the "Inspection Ordinances."

9. Violations of the City's code related to housing can be misdemeanor criminal offenses pursuant to Sec. 5.206 of the City's code.

10. The Inspection Ordinances make inspections of rental and commercial property within the City mandatory.

11. The Inspection Ordinances mandate the City officials perform these inspections and specifically authorize City officials to enter homes without a warrant with the no pre-compliance review procedures and no procedural guidelines for obtaining an administrative search warrant.

12. The Inspection Ordinances ultimately result in it being a punishable offense to refuse the City's inspections.

13. Inspections under these codes and ordinances are performed by individuals trained in these codes and their enforcement (the "Code Official"). The Code Official knows, or should know, the requirements of the Inspection Ordinances and other applicable laws.

14. An owner of real property who fails to permit the City to inspect their property is denied a certificate of compliance and cannot lawfully rent or occupy their property in the City.

15. An owner of property who fails to permit the City to inspect their

property may also charged with misdemeanor criminal violation or civil infraction with daily violations for refusing to permit a warrantless search of their property.

16. An owner of rental property who fails to permit the City to inspect their property is also subject to having liens placed on their property as a result of the refusal.

17. Defendant has impeded and threatened to further unconstitutionally impede Plaintiff's, and those similarly situated, right to be free from warrantless searches without cause by maintaining, implementing and enforcing their Inspection Ordinances.

## II. WHAT HAPPENED TO PLAINTIFF HAPPENS TO EVERY OTHER OWNER OF REAL PROPERTY IN THE CITY

18. Plaintiff incorporates the preceding paragraphs.

19. The plight of Plaintiff illustrates the dangers of the system set forth by the City.

20. Plaintiff Oren 2015, LLC ("OREN" or "Plaintiff") was the owner of the property commonly known as 28723 Everett, Southfield, MI (the "Property").

21. OREN had the exclusive right to the use and control of the Property.

22. On or about August 11, 2016 OREN was forced to pay the City $340.00 under the City's unconstitutional ordinance permitting warrantless searches.

23. In the event OREN had refused to pay the inspection fee and permit

5

the warrantless search it would have been denied the right to make productive use of it's Property.

24. In the event OREN, or any other owner of real property in the City, refuses to permit the City's mandatory inspection they are denied their right to lawfully rent, use, or occupy property in the City of Southfield.

25. It is the policy and custom of the City, pursuant to its Inspection Ordinances, to perform mandatory, warrantless searches of all real property within the City in violation of the Fourth Amendment of the United States Constitution.

26. Under these unconstitutional practices the City charges and collects inspection fees upwards of $300.00 per occurrence.

### III. PARTIES

27. Plaintiff incorporates the preceding paragraphs.

28. Plaintiff is a Michigan Limited Liability Company, whose registered office address is located at 23944 Eureka Rd., Taylor, MI 48180.

29. Defendant City of SOUTHFIELD is a municipal corporation located within Oakland County in the State of Michigan.

### IV.   JURISDICTION AND VENUE

30. Plaintiff incorporates the preceding paragraphs.

31. Jurisdiction by this Court over Plaintiff' constitutional claims is proper pursuant to 28 USC § 1343 and 28 USC § 1331.

32. To the extent necessary, supplemental jurisdiction over any state law claims is proper pursuant to 28 USC § 1367.

33. Venue is proper in this District pursuant to 28 USC § 1391 because the District is where the Defendants reside, where a substantial part of the events and omissions giving rise to Plaintiff' claims occurred, and where a substantial part of all properties subject to the action are located.

34. As additional Class Plaintiff are identified, this District will remain the most convenient venue in which all future cases can be considered and consolidated as necessary.

## V.     CAUSES OF ACTION

### COUNT ONE
### VIOLATION OF DUE PROCESS / UNCONSTITUTIONAL CONDITIONS DOCTRINE
*(Forcing Plaintiff to Forfeit their Constitutional Rights in order to Rent Property)*

35. Plaintiff incorporates the preceding paragraphs.

36. The Fifth and Fourteenth Amendments to the U.S. Constitution make it unconstitutional to deprive a person of their property without due process of law and just compensation.

37. Plaintiff has a protected property interest in renting property and earning income from doing so.

38. Plaintiff also has a right under the Fourth Amendment against unreasonable

searches and seizures and the Amendment only permits searches based on probable cause and the issuance of a warrant.

39. Plaintiff has a reasonable expectation of privacy in its Property.

40. As adopted by the City, the Inspection Ordinances authorizes Code Officials mandatory warrantless searches of real property in the City for the purpose of inspection or whenever Code Officials believe the City's Code has been violated. In that regard the Code provides for their right of inspection without setting forth any warrant procedures and/or providing for any pre-compliance review in violation of the Fourth Amendment and long standing legal precedent (See *Camera v. Municipal Court* and *City of Los Angeles v Patel*).

41. Where an inspection is not performed for any reason, the City does not secure a warrant, but instead coerces property managers, property owners, and tenants into consenting to entry and a search under the threat of court action, fines, penalties, liens, and refusal to issue certificates of compliance.

42. Under the Inspection Ordinances there is no ability for an owner to object to the building official's entry and inspection into the owner's property and there is no mechanism creating constitutionally required administrative search warrant standards in place for a building official to obtain an appropriate search warrant if an owner of property were to try to object to such entry.

43. As a result, Plaintiff, and every other owner of real property in the City, is

deprived of their right against warrantless searches and otherwise must pay inspection fees, fines, and penalties in order to gain compliance or face the unconstitutional alternative of being deprived of their rights.

44. In the event Plaintiff or those others similarly situated, exercises their right to be free from a warrantless search they are deprived of their right to lawfully rent property in the City or they are punished by the issuance of civil and potential criminal charges for such refusal.

45. Defendant may not lawfully deny a benefit to anyone who chooses to exercise a constitutional right.

46. Accordingly, the Inspection Ordinances adopted by the City are unconstitutional and unenforceable on their face and their application to Plaintiff has resulted in numerous violations of their rights.

47. As set forth above the City conducted an unconstitutional registration and inspection scheme and has wrongfully collected potentially millions of dollars in ill-gotten registration and inspection fees.

48. The City's conduct as described herein coerces Plaintiff, and those similarly situated, to give up their constitutional right to be free from unreasonable searches and seizures.

49. The City's conduct as described herein violates the Unconstitutional Conditions Doctrine and subjects the City to penalties for same, including but not

limited to the reimbursement of registration and inspection fees unlawfully obtained.

## COUNT TWO
## VIOLATION OF FOURTH AMENDMENT
*(Warrantless Searches)*

50. Plaintiff incorporates by reference the preceding paragraphs.

51. The Fourth Amendment to the U.S. Constitution prevents the government from conducting unreasonable searches and provides that warrants, based on probable cause, are required before searching a house.

52. The adoption of Inspection Ordinances constitutes the City's express policy and practice of entering real properties without first satisfying the dictates of the Fourth Amendment and thus, on its face, the Inspection Ordinances are patently unconstitutional and should be struck in their entirety.

53. Alternatively, the City has a policy and practice of punishing Plaintiff and those similarly situated who fail to permit an inspection of their real property for any reason by threatening court action against Plaintiff and those similarly situated instead of seeking a proper administrative search warrant. As applied, this practice violates the 4th Amendment of the U.S. Constitution.

54. The City's policy and practice is that if an inspection is refused for any reason the owner of the property is punished for failure to permit an inspection.

55. Under the guise of the City's unconstitutional inspection requirements the

City has collected millions of dollars in unlawful registration and inspection fees.

56. Plaintiff has had its right to be free from unreasonable searches and seizures violated and has been harmed as a result.

57. Plaintiff and those similarly situated are denied their constitutional right to the use and income generated from their real property if they fail to permit the City's warrantless searches and as such have been damaged.

## COUNT THREE
## UNJUST ENRICHMENT / REMEDY OF ASSUMPSIT

58. Plaintiff incorporates the preceding paragraphs.

59. The City has been extracting registration and inspection fees and/or penalties from Plaintiff and those similarly situated by conducting the illegal rental registration and inspection scheme as set forth above.

60. The City has been unjustly enriched by collecting inspection fees from Plaintiff and those similarly situated under this unconstitutional scheme.

61. Pursuant to the City Code, the City may place a lien on a property for failure of the property owner to pay penalties for alleged code violations.

62. Michigan law provides that an assumpsit action may be maintained against a municipality and/or its divisions without regard to government immunity when restitution is being sought for an illegal or inappropriate assessment that is authorized to become a lien on property. While the cause of action for assumpsit has been abolished, the remedy of assumpsit remains.

63. It would otherwise be unjust to permit the City to retain funds obtained under an illegal inspection scheme.

## COUNT FOUR
## INJUNCTIVE RELIEF

64. Plaintiff incorporates the preceding paragraphs.

65. The City continues to mandate warrantless searches under their Inspection Ordinances.

66. The City continues to threaten Plaintiff, and those similarly situated, with fines, fees, court action, and deprivation of certificates of compliance where these warrantless inspections are not granted for any reason.

67. Unchecked, the City will continue to issue criminal tickets to Plaintiff and those similarly situated for failing to comply with the City's unlawful ordinances.

68. Given these circumstance the losses to Plaintiff and other owners of real property in the City are imminent and as such Plaintiff request injunctive relief and an order stopping the City from its illegal and unconstitutional practices.

## COUNT FIVE
## DECLARATORY RELIEF

69. Plaintiff incorporates the preceding paragraphs.

70. An actual controversy exists between Plaintiff and the City of SOUTHFIELD regarding their administration of the Inspection Ordinances in violation of clearly established constitutional rights.

71. Plaintiff and others similarly situated are entitled to a declaration of their rights to be free from warrantless searches and seizures and ask that the Court determine that the City must comply with constitutional requirements.

### COUNT SIX
### VIOLATION OF 42 USC 1983

72. Plaintiff incorporates the preceding paragraphs.

73. Plaintiff and the class of those similarly situated have a constitutional right to challenge the City's unlawful Inspection Ordinances.

74. As set forth above Defendants then proceeded to prosecute and collect fines and fees from Plaintiff, and those similarly situated, in violation of their clearly established rights.

75. The City has deprived homeowners of property and rights related thereto and is liable to the Plaintiff and those similarly situated pursuant to 42 USC 1983.

76. As set forth above Defendants have also deprived Plaintiff and those similarly situated of their right to be free from unconstitutional searches and seizures.

77. Pursuant to 42 USC 1988, in any action or proceeding to enforce Section 1983 the Court, in its discretion, may allow the prevailing party a reasonable attorney fee as part of the costs.

### VII.  CLASS ALLEGATIONS

78. Plaintiff incorporates the preceding paragraphs.

79. All Plaintiff and putative class members are also subject to the City's unconstitutional Inspection Ordinances are forced to succumb to the City's will for warrantless searches under the threat of criminal penalties.

80. <u>Class Definition.</u> Plaintiff seeks to certify the following classes

   A) All persons and entities that paid any rental registration or inspection fees to the City of SOUTHFIELD at any time from August 27, 2012 through the date of final judgment under the City's unconstitutional Inspection Ordinances that requires property owners to forfeit their rights to be free from unreasonable searches and seizures; AND

   B) All persons and entities that have been deprived of a certificate of compliance for refusing or otherwise failing to have their property unconstitutionally inspected by the City of SOUTHFIELD at any time from August 27, 2012 through the date of final judgment under the City's unconstitutional Inspection Ordinances that requires property owners to forfeit their rights to be free from unreasonable searches and seizures.

81. <u>Numerosity</u>.  The proposed classes are so numerous that joinder of all members is impracticable.  While the exact number of class members is not now known, Plaintiff believe the class number is in excess of 1000 members. These members may be readily identified from Defendant's own records.

82. <u>Commonality.</u> There are questions of law or fact common to the members of the class that predominate over questions affecting only individual members.

83. Among the questions of law or fact common to the class are the following:

   a)   Does the City's Inspection Ordinances facially permit unconstitutional warrantless searches?

14

b) Does the City's Inspection Ordinances, as applied, violate the 4th Amendment of the U.S. Constitution?

84. <u>Typicality.</u> The harm suffered by Plaintiff is typical of the harm suffered by other class members differing only in amount. Accordingly, the claims of Plaintiff are the same as those of the other class members. Resolution of these common questions will determine the liability of the Defendant to Plaintiff and the class members in general. Thus, the claims properly form the basis for class treatment in this case.

85. Although the amount of damages between individual class members may vary, the underlying liability issues remain the same as between all members of the class and the Defendant.

86. <u>Adequacy of Representation.</u> The represented parties will fairly and adequately assert and protect the interest of the class. Plaintiff has already demonstrated its willingness to pursue this litigation on their own behalf, and have no known conflicts with the class members.

87. Plaintiff's co-counsel will also fairly and adequately represent the interest of the class. Attorney Mark K. Wasvary and Aaron D. Cox are well versed in the facts and substantive law underlying the Plaintiff's claims and have previously been certified to represent a class in multiple lawsuits involving the IPMC and

15

other Constitutional issues.[1]

88. This class action is maintainable under Federal Rule of Civil Procedure 23(b).

89. The maintenance of this action as a class action will be superior to other available methods of adjudication in promoting the convenient administration of justice.

    a)    The prosecution of separate actions by or against individual members of the class could create a risk of inconsistent or varying adjudications with respect to individual members of the class that would confront the party opposing the class with incompatible standards of conduct; and/or

    b)    The prosecution of separate actions by or against individual members of the class would create a risk of adjudications with respect to

---

[1] Mark K. Wasvary has been certified as class counsel in the following lawsuits in the United States District Court for the Eastern District of Michigan: *Village Center Associates, et.al. v City of Detroit*, USDC Case No. 07-12963, *Lola Valley Terrace Association v Charter Township of Redford*, USDC Case No. 09-11238, *Lanson Development Company LLC v City of Dearborn*, USDC Case No. 09-13956, *Eghigian v Fifth Third Bank*, USDC Case No. 07-14406, *Garner, et.al. v City of Roseville, et.al*, USDC Case No. 16-10760, *Garner Properties & Management, LLC v Township of Redford*, USDC Case No. 16-14100, *Garner v City of Taylor*, USDC Case No. 16-cv-13374, *NILI 2011, et.al. v City of Warren*, USDC Case No. 15-13392. Mark K. Wasvary has also been certified in the Wayne County Circuit Court in the matter of *Woodside Square Limited Partnership v City of Romulus*, Case No. 09-019233-CZ and the Oakland Circuit Court in the matter of *Kelly, et.al. v Birmingham Public Schools,* Case No. 12-130333-CZ. Aaron D. Cox has been certified as class counsel in the following lawsuits: *Garner Properties & Management, LLC v Township of Redford*, USDC Case No. 15-14100, *Garner, et.al. v City of Roseville*, USDC Case No. 16-10760, *Garner v City of Taylor*, USDC Case No. 16-cv-13374 and *NILI 2011, et.al. v City of Warren*, USDC Case No. 15-13392.

    individual members of the class that would as a practical matter be dispositive of the interests of other members not parties to the adjudications or substantially impair or impede their ability to protect their interests.

90. The party opposing the class has acted or refuses to act on grounds that apply generally to the class, so that final equitable, injunctive or corresponding declaratory and monetary relief is appropriate respecting the class as a whole. Specifically, Defendants have and continue to enforce an ordinance that is unconstitutional on its face and as applied due to lack of a procedure to seek a warrant to search a rental property.

91. The questions of law or fact common to class members predominate over any questions affecting only individual members, and as such a class action is superior to other available methods for fairly and efficiently adjudicating the controversy.

92. The action is and will be manageable as a class action and in fact more manageable than the prosecution of separate actions in various forums and venues.

93. In view of the complexity and importance of the constitutional issues and expense of the litigation, the separate claims of individual class members are insufficient in amount to support separate actions.

94. It is probable that the amount which may be recovered for individual class

members will be large enough in relation to the expense and effort of administering the action to justify a class action.

95. Plaintiff is not aware of any members of the proposed class that have filed similar litigation nor is Plaintiff aware of any pending similar litigation in which the City is a Defendant.

96. The class action is the appropriate method for the fair and efficient adjudication of the controversy. The legal and factual bases for the Plaintiff' claims are the same as for the claims of all class members. The only difference between individual claims is the severity of the harm and resulting damages. Adjudicating this case on a class wide basis will promote substantial judicial economy by eliminating the likelihood of multiple cases (perhaps thousands) turning on the same questions of law and fact. The class action will also provide the Plaintiff with the only meaningful avenue for relief, due to the economy of spreading their litigation costs, thereby reducing each individual's expenses over the class and enabling counsel to pursue the litigation by aggregating the claims. Further, the class action will save the Defendant the burden of defending multiple suits in multiple forums.

## IX. RELIEF REQUESTED

WHEREFORE, on behalf of themselves and others similarly situated, Plaintiff requests the following relief:

A. That this action be determined as proper to be maintained as a class action pursuant to Federal Rules of Civil Procedure 23(b), together with an order appointing the named Plaintiff to represent the class and subclass and certifying Plaintiff' counsel to represent the class and subclass;

B. The injunctive and declaratory relief as applicable and specified in Counts Four and Five;

C. An award of damages, including all applicable interest, in an amount to be determined at trial;

D. An award of costs of this suit, including reasonable attorney's fees, as provided by 42 USC § 1988 or on other grounds;

E. An award of an incentive fee to the named Plaintiff for having the courage to come forward and challenge the City and the manner in which it administers its unconstitutional ordinances;

F. Punitive damages for the City's unconstitutional conduct; and/or

G. Any other relief as necessary to redress the violation of Plaintiff's rights secured by the Constitution and laws.

    Respectfully submitted by:

    THE LAW OFFICES OF AARON D. COX, PLLC
    Co-Counsel for Plaintiff
    23380 Goddard Rd.
    Taylor, MI 48180
    734-287-3664

/s/ Aaron D. Cox, Esq.
By: Aaron D. Cox (P69346)
aaron@aaroncoxlaw.com


MARK K. WASVARY, P.C.
Co-Counsel for Plaintiff
2401 W. Big Beaver Rd., Suite 100
Troy, MI 48084
(248) 649-5667

/s/ Mark K. Wasvary
By: Mark K. Wasvary (P51575)
mark@wasvarylaw.com