UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ORON 2015 LLC,

       Plaintiff,                                       Case No. 18-cv-12671
                                                               Hon. Mark A. Goldsmith
vs.

CITY OF SOUTHFIELD,

       Defendant.
_____/

**OPINION & ORDER
(1) GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO
DISMISS (Dkt. 19); AND (2) DENYING PLAINTIFF'S MOTION TO CERTIFY CLASS
(Dkt. 17)**

In this action, Plaintiff Oron 2015, LLC challenges the Defendant City of Southfield's (the "City") inspection requirements for residential real property in Southfield, which it says permit warrantless searches and penalize any property owner who refuses inspection.[1] The City has filed a motion for judgment on the pleadings, pursuant to Federal Rule of Civil Procedure 12(c) (Dkt. 19), and Oron 2015 has filed a motion to certify a class (Dkt. 17). The motions have been fully briefed. Because oral argument will not aid the decisional process, the motions will be decided based on the parties' briefing. See E.D. Mich. L.R. 7.1(f)(2); Fed. R. Civ. P. 78(b). For the reasons that follow, the Court grants in part and denies in part the City's motion to dismiss and denies Oron 2015's motion to certify a class.

                **I.**           **BACKGROUND**

---

[1] Oron 2015 notes that it inadvertently identified itself as "Oren 2015" in the complaint. Pl. Resp. at 2 n.1 (Dkt. 20). It requests permission to amend the spelling. The Court orders the Clerk of the Court to correct the docket to reflect that Plaintiff's name is "Oron 2015". The Court also rejects the City's argument that Plaintiff does not have standing because "Oren 2015" is not an incorporated entity; Oron 2015 is the proper Plaintiff in this case.

1

According to the complaint, the City of Southfield has adopted the International Property Maintenance Code ("IPMC"), which authorizes the City's code official to enter any premises without a warrant, upon reasonable cause to perform an inspection of the property. Compl. ¶¶ 5, 7; IPMC, Section 104.3. Further, Section 8.509 of the Code of the City of Southfield (the "City Code") provides that city inspectors may enter property without a warrant:

> The owner shall schedule with the department the date and time of the inspection; and the department shall notify the owner of the fees that must be paid before the inspection. The owner shall be responsible for notifying each tenant or occupant of the rental dwelling of the date and time of the inspection. The owner or agent is required to provide the code official with access to the rental dwelling and accompany the code official during the performance of all inspections and in the event that the tenant or occupant is not present, the owner or agent must provide access to the inspector by unlocking the door of the tenant or occupant's dwelling unit, verifying that no occupant is present and securing the dwelling unit after the inspection is completed.

Id. ¶ 8.

Oron 2015 alleges that Section 8.509 of the City Code and Section 104.3 of the IPMC (together, the "Inspection Ordinances") make inspections of rental and commercial property in Southfield mandatory and make refusing these inspections a punishable offense. Id. ¶¶ 8, 10, 12. An owner of real property who does not permit the City to inspect the property is denied a certificate of compliance and cannot lawfully rent or occupy their property. Id. ¶ 14. Oron 2015 further alleges that the owner may also face civil infractions or have liens placed upon the property. Id. ¶¶ 15-16.

Oron 2015 owned property in Southfield and was forced to pay the City $340 on August 11, 2016, pursuant to the Inspection Ordinances. Id. ¶¶ 20-22. Had Oron 2015 refused to pay and allow the warrantless search, it claims that it would have been denied the right to rent, use, or

2

occupy its property. Id. ¶¶ 23-24. Oron 2015 argues that the Inspection Ordinances are unconstitutional and asserts the following claims against the City: (i) violation of due process under the Fifth and Fourteenth Amendments; (ii) violation of the Fourth Amendment's protection against unreasonable searches; and (iii) a state-law claim for unjust enrichment/assumpsit.[2] It seeks injunctive, declaratory, and monetary relief on behalf of a class of persons who paid registration or inspection fees to the City under the Inspection Ordinances.

The City seeks to dismiss the complaint, arguing that Oron 2015 lacks standing to bring this suit and has failed to state a claim for unjust enrichment/assumpsit. Oron 2015 seeks to certify a class.

## II.  MOTION TO DISMISS

### A.  Standard of Review

The City moved under Federal Rule 12(c) for judgment on the pleadings. Any party may move for the entry of a judgment after the pleadings are closed, but early enough not to delay trial. Fed. R. Civ. P. 12(c). Courts apply the same analysis to motions for a judgment on the pleadings under Rule 12(c) as is applied to applications for dismissal under Federal Rule of Civil Procedure 12(b)(6). Warrior Sports, Inc. v. Nat'l Collegiate Athletic Ass'n, 623 F.3d 281, 284 (6th Cir. 2010). "For purposes of a motion for judgment on the pleadings, all well-pleaded material allegations of the pleadings of the opposing party must be taken as true, and the motion may be granted only if the moving party is nevertheless clearly entitled to judgment." JPMorgan Chase

---

[2] Oron 2015 lists a separate count for a violation of 42 U.S.C. § 1983. Compl. ¶¶ 72-77. However, because Oron 2015's claims for violations of the Fourth and Fourteenth Amendments can only be brought pursuant to 42 U.S.C. § 1983, this count essentially restates what Oron 2015 has already alleged.

3

Bank, N.A. v. Winget, 510 F.3d 577, 581 (6th Cir. 2007).  However, a court need not accept as true legal conclusions or unwarranted factual inferences.  Id. at 581-582.

When evaluating a motion for a judgment on the pleadings, a court considers the complaint, the answer, and any written instrument attached as exhibits.  Fed. R. Civ. P. 12(c).  A court should also consider any undisputed facts.  Stafford v. Jewelers Mut. Ins. Co., 554 F. App'x 360, 369-370 (6th Cir. 2014) (taking judicial notice of undisputed facts in documents considered by district court on ruling on 12(c) motion); see also Knutson v. City of Fargo, 600 F.3d 992, 999-1000 (8th Cir. 2010) (holding, on review of 12(c) dismissal, that district court could take judicial notice of a publicly available state-court argument, which involved a concession by the appellant).

The City also challenges Oron 2015's standing to bring the case.  "[A] Rule 12(b)(1) motion is the proper vehicle for considering whether subject matter jurisdiction exists in a particular case[.]"  Ogle v. Church of God, 153 F. App'x 371, 374-375 (6th Cir. 2005) (finding that the district court "erred by converting the motion to a Rule 12(c) motion for judgment on the pleadings because the Rule 12(c) motion is a decision on the merits that cannot be decided without first determining whether subject matter jurisdiction is proper, regardless of whether the court used the factual record to resolve that threshold inquiry") (citing Ohio v. Nat'l Life Ins. Co. v. United States, 922 F.2d 320, 325 (6th Cir. 1990)).  "When a Rule 12(b)(1) motion attacks the factual basis for jurisdiction . . . the district court has broad discretion over what evidence to consider and may look outside the pleadings to determine whether subject-matter jurisdiction exists."  Adkisson v. Jacobs Engineering Group, Inc., 790 F.3d 641, 647 (6th Cir. 2015).

**B.     Analysis**

The City puts forth two arguments: first, that Oron 2015 lacks standing to bring this suit; second, that the allegations are insufficient to state a claim for unjust enrichment/assumpsit.

4

### 1. Standing

The standing doctrine "requires that a litigant have suffered an injury-in-fact that is fairly traceable to the defendant's allegedly unlawful conduct and likely to be redressed by the requested relief." Peoples Rights Organization, Inc. v. City of Columbus, 152 F.3d 522, 527 (6th Cir. 1998). In order to allege an injury in fact, a plaintiff must allege "an invasion of a legally-protected interest which is (a) concrete and particularized, and (b) actual or imm[i]nent, not conjectural or hypothetical." Sault Ste. Marie Tribe of Chippewa Indians v. United States, 288 F.3d 910, 914 (6th Cir. 2002) (quoting Lujan v. Defenders of Wildlife, 504 U.S. 555, 560 (1992)).

The City argues that Oron 2015 has failed to allege an actual or imminent injury, because it did not suffer an invasion of a legally protected interest. Def. Mot. at 4-5. The City points out that Oron 2015 does not allege that it ever objected to or refused to permit an inspection; instead, Oron 2015 paid the inspection fee. Thus, the City claims that Oron 2015 consented to the inspection and cannot bring a claim. In response, Oron 2015 asserts that it has the right to be free from unreasonable searches, and that the $340 it paid under the allegedly unconstitutional inspection ordinances is a concrete, actual damage. Pl. Resp. at 6-7 (Dkt. 20).

The Court agrees with Oron 2015. Oron 2015 claims that it was required to pay an inspection fee as a result of an allegedly unconstitutional ordinance; this is a concrete economic harm resulting from the City's conduct. Further, Oron 2015 alleges that it was subjected to a warrantless inspection. See Compl. ¶¶ 22-23. This is also sufficient to confer standing, regardless of whether Oron 2015 objected to the inspection or paid any fee, because Oron 2015 alleges that its legally protected interest has been invaded. See Gary B. v. Snyder, 329 F. Supp. 3d 344, 355 (E.D. Mich. 2018) ("Plainly, a plaintiff who alleges a violation of his right to due process states a legally protected interest[.]").

The City argues that Oron 2015 consented to the search, and therefore has no Fourth Amendment claim. But Oron 2015 asserts in its complaint that an owner of real property who does not allow the City to inspect its property is coerced to consent. An owner who does not agree to a search faces several consequences: it is denied a certificate of compliance, cannot lawfully rent or occupy property, may face civil infractions, and is subject to having liens placed on its property. Compl. ¶¶ 14-16, 41. Coerced consent is not consent. See Schneckloth v. Bustamonte, 412 U.S. 218, 228 (1973) ("[T]he Fourth and Fourteenth Amendments require that a consent not be coerced, by explicit or implicit means, by implied threat or covert force."). While the City attempts to minimize the harm of a civil infraction, Def. Reply at 5-6 (Dkt. 24), it does not explain why this would not have a coercive effect on a property owner, unsure of its rights and unwilling to face legal repercussions for asserting them. Accordingly, the Court finds that Oron 2015 has sufficiently alleged injury.[3]

However, the City points out that Oron 2015 no longer owns property in Southfield. See Compl. ¶ 20 (Oron 2015 alleges that it "was the owner" of property). Oron 2015 seems to suggest as much in its response to the motion to dismiss, stating again that it "was the owner of certain real property located in the City of Southfield, Michigan[.]" Pl. Resp. at 2 (emphasis added). The City claims that this deprives Oron 2015 of standing.

---

[3] In its reply brief, the City argues that Oron 2015's allegations that it had the exclusive right to the use and control of its property, Compl. ¶ 21, and that it paid the inspection fee, id. ¶ 22, are contradicted by documents attached to Oron 2015's motion for class certification. Def. Reply at 6-7 (Dkt. 24). Oron 2015 responded with an affidavit supporting its assertions in the complaint. See Garner Aff., Ex. 1 to Pl. Reply in Supp. of Mot. for Class Cert. (Dkt. 25-2). As such, the Court is satisfied that Oron 2015 maintained the right to use and control its property and paid the inspection fee.

"[A] plaintiff must demonstrate standing separately for each form of relief sought." Friends of the Earth, Inc. v. Laidlaw Env'tl Servs., Inc., 528 U.S. 167, 185 (2000). While a previous injury may confer standing upon a plaintiff to seek damages, City of Los Angeles v. Lyons, 461 U.S. 95, 102, 109 (1983), the prior injury itself does not confer standing upon a plaintiff to seek declaratory relief, Grendell v. Ohio Supreme Ct., 252 F.3d 828, 832 (6th Cir. 2001); see also Gawry v. Countrywide Home Loans, Inc., 395 F. App'x 152, 157 (6th Cir. 2010) ("[I]n the context of a declaratory judgment action, allegations of past injury alone are not sufficient to confer standing. The plaintiff must allege and/or demonstrate actual present harm or a significant possibility of a future harm.") (quoting Fieger v. Ferry, 471 F.3d 637, 643 (6th Cir. 2006)). The prior injury only constitutes "'evidence bearing on whether there is a real and immediate threat of repeated injury.'" Grendell, 252 F.3d at 833 (quoting Lyons, 461 U.S. at 102). Similarly, "[p]ast exposure to illegal conduct does not in itself show a present case or controversy regarding injunctive relief . . . if unaccompanied by any continuing, present adverse effects." Lyons, 461 U.S. at 102 (quoting O'Shea v. Littleton, 414 U.S. 488, 493 (1974)). Oron 2015 has not shown that it faces any threat of future injury from the City, as it does not allege that it currently owns property subject to the Inspection Ordinances. As such, it does not have standing to seek declaratory or injunctive relief.

### 2. Unjust Enrichment/Assumpsit

The City's next argument is that Oron 2015's claim for assumpsit/unjust enrichment must fail. Def. Mot. at 6. The City correctly argues that assumpsit has been abolished as a cause of action. See Fisher Sand & Gravel Co. v. Neal A. Sweebe, Inc., 837 N.W.2d 244, 256-257 (Mich. 2013). However, the remedies available under assumpsit are still available to Oron 2015 if it prevails on its other claims. See Garner Props. & Mgmt v. Charter Twp. of Redford, 15-14100,

7

2017 WL 3412080, at *17 (E.D. Mich. Aug. 8, 2017). Accordingly, the claim for assumpsit is dismissed to the extent it is pled as an independent cause of action; to the extent Oron 2015 prevails on its claims, it may be entitled to remedies that were previously available under assumpsit.

The City further argues that Oron 2015 cannot prevail on its unjust enrichment claim because Oron 2015's claim is that the <u>inspection</u> is unconstitutional, not the associated fee. Def. Mot. at 7. Oron 2015 does not allege that the City is not permitted to charge a fee for property inspection, or that the amount of the fee raises a constitutional issue. The City argues that Oron 2015 has not pled any facts to show that the City's retention of these fees is inequitable. Id.

"Under Michigan law, 'unjust enrichment is defined as the unjust retention of money or benefits which in justice and equity belong to another.'" Perlin v. Time Inc., 237 F. Supp. 3d 623, 643 (E.D. Mich. 2017) (quoting Tkachik v. Mandeville, 790 N.W.2d 260, 266 (Mich. 2010)). "A plaintiff alleging unjust enrichment must establish two elements: '(1) the receipt of a benefit by defendant from plaintiff, and (2) an inequity resulting to plaintiff because of the retention of the benefit by defendant.'" Id. (quoting Belle Isle Grill Corp. v. City of Detroit, 666 N.W.2d 271, 280 (Mich. Ct. App. 2003)). The complaint alleges that the City collects inspection fees under the allegedly unconstitutional scheme. Compl. ¶ 60. The Court agrees with Oron 2015 that "[i]t would be inequitable to allow [the City] to retain that money [if] it was collected pursuant to an unconstitutionally coercive ordinance," Thompson v. City of Oakwood, Ohio, 307 F. Supp. 3d 761, 780 (S.D. Ohio 2018), and thus finds that Oron 2015 has stated a claim for unjust enrichment.

### III. MOTION TO CERTIFY CLASS

#### A. Standard of Review

Class actions are "an exception to the usual rule that litigation is conducted by and on behalf of the individual named parties only." Califano v. Yamasaki, 442 U.S. 682, 700-701 (1979).

The party seeking to certify a class bears the burden of showing that the requirements of Federal Rule of Civil Procedure 23 are satisfied. Wal-Mart Stores, Inc. v. Dukes, 564 U.S. 338, 350 (2011); Golden v. City of Columbus, 404 F.3d 950, 965 (6th Cir. 2005). Although district courts must conduct a "rigorous analysis" to ensure that Rule 23's requirements are met, Gen. Tel. Co. of Southwest v. Falcon, 457 U.S. 147, 161 (1982), they "maintain[] substantial discretion in determining whether to certify a class," Reeb v. Ohio Dep't of Rehab. & Corr., 435 F.3d 639, 643-644 (6th Cir. 2006). In determining the propriety of a class action, the inquiry is not whether the plaintiff will ultimately succeed on the merits; rather, scrutiny centers on whether the requirements of Rule 23 are satisfied. Eisen v. Carlisle & Jacquelin, 417 U.S. 156, 178 (1974). To obtain class certification, a plaintiff must show that the following four requirements are met:

> (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class.

In re Whirlpool Corp. Front-Loading Washer Prod. Liab. Litig., 722 F.3d 838, 850 (6th Cir. 2013) (quoting Fed. R. Civ. P. 23(a)).

If these prerequisites are met, "the proposed class must also meet at least one of the three requirements listed in Rule 23(b)." Id. Rule 23(b)(1) allows for certification if the prosecution of separate actions would create a risk of inconsistent or varying adjudications, or adjudications with respect to individual class members would be dispositive of the interests of other members or substantially impair their ability to protect their interests. Under Rule 23(b)(2), a class may be maintained if "the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is

9

appropriate respecting the class as a whole." Finally, a class may be certified under Rule 23(b)(3) if questions of law or fact common to the class predominate over questions affecting only individual members, and a class action is superior to other methods for adjudicating the controversy.

**B.    Analysis**

Oron 2015 seeks to certify two classes:

> All persons and entities that paid any rental registration or inspection fees to the City of Southfield at any time from August 27, 2012 through the date of final judgment under the City's unconstitutional Inspection Ordinances that requires [sic] property owners to forfeit their rights to be free from unreasonable searches and seizures;

and

> All persons and entities that have been deprived of a certificate of compliance for refusing or otherwise failing to have their property unconstitutionally inspected by the City of Southfield at any time from August 27, 2012 through the date of final judgment under the City's unconstitutional Inspection Ordinances that requires [sic] property owners to forfeit their rights to be free from unreasonable searches and seizures.

Pl. Mot. for Class Cert. at 4-5. Oron 2015 argues that all three of the section 23(b) requirements are satisfied. Pl. Mot. at 13.

The Court turns first to the requirements of Rule 23(a). As noted above, a plaintiff seeking to establish a class must show that the requirements of numerosity, commonality, typicality, and adequacy are met. Among other arguments, the City argues that Oron 2015 cannot satisfy the requirement of typicality, because Oron 2015 does not have standing and does not share the same interests as property owners "who are actually subject to the challenged ordinances." Def. Resp. at 19-20 (Dkt. 23). Because Oron 2015's claims are not typical of the class members, the City argues, it also fails to satisfy the adequacy requirement. Id. at 20.

To satisfy the typicality requirement, a plaintiff must show that "the class members' claims are fairly encompassed by the named plaintiff['s] claims." In re Whirlpool, 722 F.3d at 852 (quotation marks omitted). The typicality requirement ensures that "the representatives' interests are aligned with the interests of the represented class members so that, by pursuing their own interests, the class representatives also advocate the interests of the class members." Id. at 852-853. As for adequacy, the Sixth Circuit employs the following two-prong test: (i) the class representatives must have common interests with the putative class members; and (ii) the representatives must "vigorously prosecute the interests of the class through qualified counsel." Vassalle v. Midland Funding LLC, 708 F.3d 747, 757 (6th Cir. 2013).

The Court agrees with the City that Oron 2015 cannot satisfy either of these requirements, because it does not have standing to seek declaratory or injunctive relief. "It should be obvious that there cannot be adequate typicality between a class and a named representative unless the named representative has individual standing to raise the legal claims of the class." McNair v. Synapse Grp., Inc., 672 F.3d 213, 223 (3d Cir. 2012) (quoting Prado-Steiman ex rel. Prado v. Bush, 221 F.3d 1266, 1279 (11th Cir. 2000)). Oron 2015 has no incentive to seek a declaratory judgment or an injunction concerning the Inspection Ordinances, as would a class member who is currently subject to these Ordinances and faces an alleged threat of future harm. "Absent a threat of future harm, plaintiff does not share a critical aspect of the claims of other class members for prospective injunctive relief, and [its] claim is thus not typical." Thompson v. Jiffy Lube Intern., Inc., 250 F.R.D. 607, 623 (D. Kan. 2008); see also Ries v. Humana Health Plan, Inc., No. 94-6180, 1997 WL 158337, at *5 (N.D. Ill. Mar. 31, 1997) ("If a class representative fails to assert such standing, class certification may be denied even though the class also seeks monetary relief. A class representative devoid of standing to seek injunctive relief would presumably have no incentive to

represent vigorously those plaintiffs who could assert such claims."); Washington v. Vogel, 156 F.R.D. 676, 683 n.11 (M.D. Fla. 1994) ("The fact that the named plaintiffs also assert claims for money damages does not remedy their lack of standing to seek class injunctive relief. . . . Moreover, even if [plaintiffs'] individual damages claims did somehow give them standing to seek class injunctive relief, the fact remains that they cannot individually seek an injunction. Accordingly, they do not meet the Rule 23(a) requirements of typicality, commonality and adequacy of representation."); Hardin v. Harshburger, 814 F. Supp. 703, 708 (N.D. Ill. 1993) (although plaintiff who lacked standing to seek injunctive relief had standing to bring claims for compensatory and exemplary damages, "[i]t does not follow . . . that these claims guarantee that Hardin will vigorously protect the interests of the remaining class members").

Thus, because Oron 2015 has failed to satisfy the Rule 23(a) requirements, the Court denies its motion to certify a class.

### IV. CONCLUSION

For the reasons provided, the Court grants in part and denies in part Defendant City of Southfield's motion to dismiss (Dkt. 19) and denies Plaintiff Oron 2015's motion to certify class (Dkt. 17). Oron 2015's claims are dismissed insofar as they seek injunctive and declaratory relief.

SO ORDERED.

Dated: June 17, 2019　　　　　　　　　　　　s/Mark A. Goldsmith
　Detroit, Michigan　　　　　　　　　　　　　MARK A. GOLDSMITH
　　　　　　　　　　　　　　　　　　　　　　United States District Judge