UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ORON 2015, LLC,

      Plaintiff,                                Case No. 18-12671

vs.                                         HON. MARK A. GOLDSMITH

CITY OF SOUTHFIELD,

      Defendant.
_____/

## OPINION & ORDER
## GRANTING PLAINTIFF'S MOTION FOR
## DISMISSAL WITHOUT PREJUDICE (Dkt. 33)

This matter is before the Court on Plaintiff Oron 2015, LLC's motion to voluntarily dismiss its claims without prejudice pursuant to Federal Rule of Civil Procedure 41(a)(2) (Dkt. 33). Defendant City of Southfield (the "City") opposes Oron 2015's motion, arguing that dismissal would result in prejudice to the City. For the reasons stated below, the Court grants Oron 2015's motion to dismiss. Consequently, all other pending motions are dismissed as moot (Dkts. 34, 37, and 42).

### I. BACKGROUND

Oron 2015 initiated the present case as a putative class action on behalf of all owners of real property in Southfield, Michigan. Compl. ¶ 1 (Dkt. 1). The action challenges the constitutionality of the City's adoption of certain ordinances authorizing City officials to enter any premises, without a warrant and upon reasonable cause, to perform an inspection of the property. Id. ¶¶ 5-8. The complaint alleges that failure to permit inspection may result in criminal and civil infractions, inability to lawfully rent or occupy the subject property, and liens being placed on the

1

property. Id. ¶¶ 14-16. Pursuant to these ordinances, Oron 2015, a property owner in Southfield, was forced to pay the City $340 in inspection fees. Id. ¶¶ 20-22. The class action complaint sets forth the following claims against the City: (1) violation of due process under the Fifth and Fourteenth Amendments, (2) violation of the Fourth Amendment's protection against unreasonable searches, and (3) a state law claim for unjust enrichment and assumpsit.

On June 17, 2019, the Court entered an opinion and order granting in part and denying in part the City's motion to dismiss and denying Oron 2015's motion for class certification. 6/17/19 Op. (Dkt. 32). In relevant part, the Court held that because Oron 2015 did not allege that it continued to own property in Southfield, it faced no threat of future injury and, therefore, lacked standing to pursue declaratory or injunctive relief. Id. at 7. Consequently, Oron 2015's standing is limited to the recovery of damages for previous injury. Id. The Court also denied Oron 2015's motion to certify class on the ground that the typicality and adequacy elements under Federal Rule of Civil Procedure 23(a) were not satisfied, given Oron 2015's lack of standing to seek declaratory or injunctive relief. Id. at 11.

Oron 2015 now seeks to voluntarily dismiss the action under Federal Rule of Civil Procedure 41(a)(2) on the ground that the limited damages recoverable render the continued cost of litigation impractical. Pl. Mot. at 2. The City opposes Oron 2015's motion on the ground that it would suffer prejudice if the case were dismissed. Def. Resp. at 6-7 (Dkt. 36).

## II. STANDARD OF REVIEW

Federal Rule of Civil Procedure 41(a)(2) provides that when an answer to a complaint or a motion for summary judgment has been served, "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." In determining whether voluntary dismissal under Rule 41(a)(2) is appropriate, a district court, in its discretion, must

ensure that plain legal prejudice is not imposed on a defendant. Grover v. Eli Lilly & Co., 33 F.3d 716, 718 (6th Cir. 1994). In determining whether a defendant will suffer prejudice, a court should evaluate the following factors: "the defendant's effort and expense of preparation for trial, excessive delay and lack of diligence on the part of the plaintiff in prosecuting the action, insufficient explanation for the need to take a dismissal, and whether a motion for summary judgment has been filed by the defendant." Id. A dismissal under Rule 41(a)(2) "may be conditioned on whatever terms the district court deems necessary to offset the prejudice the defendant may suffer from a dismissal without prejudice," including payment of costs incurred by a defendant. Bridgeport Music, Inc. v. Universal-MCA Music Pub., Inc., 583 F.3d 948, 954 (6th Cir. 2009).

**III. ANALYSIS**

Oron 2015 seeks to voluntarily dismiss the present action in light of this Court's determination that it lacks standing to pursue declaratory or injunctive relief. Oron 2015 maintains that as a result of this ruling, its recoverable damages are limited to the $340 allegedly paid to the City in inspection fees. Pl. Mot. at 2. Without the ability to spread the cost of litigation across a class of plaintiffs, Oron 2015 asserts that continuation of the case is impractical. Id. The Court agrees that litigating this matter further would be noneconomical, as the cost of litigation would vastly outweigh any potential recovery. Consequently, Oron 2015 has supplied adequate explanation justifying dismissal of the case.

With respect to procedural history, the present case is not at an advanced stage, nor is there any indication of excessive delay or lack of diligence by Oron 2015. "Absent substantial trial preparation or extensive motion practice, a defendant usually will not suffer significant harm by the dismissal of a case at the pretrial stage." GW Equity, LLC v. Vercor, LLC, No. 3-07-CV-

1128-O, 2008 WL 4392661, at *3 (N.D. Tex. Sept. 25, 2008). The present action was initiated on August 27, 2018 and, therefore, was pending only a year before the Court imposed a stay of the proceedings on August 21, 2019. See Order Staying Case (Dkt. 44). Although discovery was scheduled to close on July 29, 2019, the City's motion to compel, filed on July 19, 2019, demonstrates that discovery is not yet complete. See Def. Mot. to Compel (Dkt. 37). Further, the parties' motion practice has not been unusually extensive. Oron 2015 filed a motion to certify class on January 30, 2019 (Dkt. 17), while the City filed a motion to dismiss on January 31, 2019 (Dkt. 19). The Court resolved these motions on June 17, 2019. Two weeks later, on July 1, 2019, Oron 2015 promptly filed the present motion to dismiss. Although the City has filed a motion for summary judgment (Dkt. 42), it did so on August 15, 2019, over a month after it was on notice of Oron 2015's motion seeking to dismiss the present action. Under these circumstances, the City will not suffer prejudice through the Court's dismissal.

The City contends that it would be inequitable to prevent it from obtaining a favorable decision on the merits of the present action when a subsequent class action is likely to be filed by a different plaintiff.[1] However, the mere prospect that a defendant may face a second lawsuit does not warrant denial of a motion for voluntary dismissal. Jones v. W. Reserve Transit Auth., 455 F. App'x 640, 643 (6th Cir. 2012) (citing Bridgeport Music, 583 F.3d at 953). Indeed, "courts have generally followed the traditional principle that dismissal should be allowed unless the defendant will suffer some plain legal prejudice other than the mere prospect of a second lawsuit." 9 Charles

---

[1] This argument implies that the City seeks a declaration that its policies and ordinances are constitutional—which it could potentially use to preclude future litigation by other property owners. However, the Court determined that Oron 2015 lacked standing to assert claims that were typical of the class and, therefore, "has no incentive to seek a declaratory judgment or an injunction concerning the Inspection Ordinances." See 6/17/19 Op. at 10-11. Thus, the City seeks a ruling that could potentially bind a wide range of property owners by litigating against a party without a stake in the outcome. To permit the City to proceed in this manner would be unjust.

4

Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice & Procedure § 2364 (3d ed. 2017). Any prejudice occasioned by the prospect of subsequent litigation can be mitigated through the award of attorney fees incurred by the City in defending the present action.

Courts may protect defendants from prejudice stemming from a plaintiff's voluntary dismissal of an action without prejudice by conditioning such dismissal on payment of the defendant's attorney fees and costs. Spar Gas, Inc. v. AP Propane, Inc., 972 F.2d 348, 348 (6th Cir. 1992). However, "the district court's discretion in awarding costs and fees is limited to imposing conditions that will alleviate the harm . . . that the defendant will suffer if the motion is granted." Id. (internal marks omitted). Thus, when conditioning voluntary dismissal without prejudice on payment of a defendant's fees, "the court should award only those fees representing legal work that could not be used in subsequent litigation on the same claims." Id.

Here, the City contends that it has incurred more than $50,000 in attorney fees and costs—including expenses related to document production and to responding to Oron 2015's motion for class certification. Def. Resp. at 21-22. Should a different plaintiff file a similar lawsuit challenging the constitutionality of the City's ordinances, all materials produced by the City during discovery in the present action may be reused in the subsequent action. Fees and costs attributable to the City's document productions, therefore, are not recoverable. But other fees and costs incurred by the City in defending the present action prior to Oron 2015's filing of its motion to dismiss may be awarded. While the City has not submitted the customary itemization showing attorney hours and rates, the Court will grant twenty-one days in which the City may submit such documentation in a motion for attorney fees and costs. The City may include in that itemization any time spent in preparing it. Plaintiff shall have fourteen days from the date such a motion is filed to oppose the reasonableness of the amount claimed.

## IV.  CONCLUSION

For the reasons set forth above, the Court grants Oron 2015's motion for voluntary dismissal without prejudice (Dkt. 33).  The action is, therefore, dismissed, and all pending motions are dismissed as moot (Dkts. 34, 37, and 42).  However, the City may file a motion for attorney fees and costs as set forth in this opinion.

SO ORDERED.

Dated:  January 8, 2020  
    Detroit, Michigan

s/Mark A. Goldsmith  
MARK A. GOLDSMITH  
United States District Judge