UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ORON 2015, LLC,

       Plaintiff,                               Case No. 18-12671

vs.                                          HON. MARK A. GOLDSMITH

CITY OF SOUTHFIELD,

       Defendant.
_____/

**OPINION & ORDER**
**GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION FOR ATTORNEY FEES (Dkt. 46)**

On January 8, 2020, the Court granted Plaintiff Oron 2015, LLC's motion to voluntarily dismiss its claims without prejudice pursuant to Federal Rule of Civil Procedure 41(a)(2), over the objection of Defendant City of Southfield (Dkt. 45). As stated in that order, "[a] dismissal under Rule 41(a)(2) 'may be conditioned on whatever terms the district court deems necessary to offset the prejudice the defendant may suffer from a dismissal without prejudice,' including payment of costs incurred by a defendant." 1/8/20 Op. & Order Granting Pls. Mot. for Dismissal Without Prejudice at 3 (Dkt. 45) (quoting Bridgeport Music, Inc. v. Universal-MCA Music Pub., Inc., 583 F.3d 948, 954 (6th Cir. 2009)). That order specified which fees and costs would be compensable— the fees and costs Southfield incurred in defending this action prior to Oron's filing of its motion to dismiss, other than fees and costs attributable to the City's document productions. Id. at 5. The Court also ordered Southfield to submit "the customary itemization showing attorney hours and rates" along with a motion for attorney fees and costs. Both Southfield and Oron seek to re-litigate matters decided in that order, but neither has argued persuasively that the balance struck in that

order was flawed. Furthermore, counsel for Southfield has not submitted the rates at which it actually billed its client, so attorney fees cannot yet be awarded. However, the costs for which Southfield petitions can be awarded. Southfield's motion is, therefore, granted in part.

## I. ANALYSIS

**A. The Court will not revisit its decision to award attorney fees.**

Oron first argues that no fees should be awarded and requests that this case be dismissed with prejudice and without fees. See Resp. at (Dkt. 47).

First, as a procedural matter, Oron uses its response brief to the instant motion as an opportunity to petition the Court to reconsider its previous ruling. This district allows for motions to reconsider, but such motions must be filed within 14 days after entry of the judgment or order. E.D. Mich. LR 7.1(h). Oron failed to file such a motion but nonetheless seeks reconsideration. Based on the court rule, denial of that request is warranted.

Even if the Court were to allow this belated attempt, it would not accept Oron's argument. For the Court to grant a motion for reconsideration, "[t]he movant must not only demonstrate a palpable defect by which the Court and the parties and other persons entitled to be heard on the motion have been misled but also show that correcting the defect will result in a different disposition of the case." Here, Oron has identified no palpable defect in the previous order.

Oron cites Walther v. Fla. Tile, Inc., 776 F. App'x 310, 318 (6th Cir. 2019), which provides a list factors courts should consider when deciding whether to award fees as a condition of dismissal under Rule 41(a)(2): "whether the plaintiff acted in good faith in bringing the action, extensive discovery costs were involved, and extraordinary expenses were incurred in defending the action." Oron argues that none of those reasons justifies the imposition of fees in this case. But Walther does not present that list as exhaustive, nor does it abrogate Bridgeport Music's wide

grant of authority to district courts. Here, the award of fees was not premised on any of the factors mentioned in Walther. Instead, it was premised on the prejudice Southfield experienced by being unable to litigate this case through judgment and set a favorable precedent, and by the incurrence of costs that, while perhaps not extraordinary, were nonetheless substantial, and which paid for work that will not be re-usable if Oron or a related plaintiff files a second lawsuit. The Court attempted to strike a reasonable balance by only awarding fees and costs for work that could not be re-used, and this belated attempt to challenge that decision fails to show a palpable defect.

Finally, Oron now requests that this matter be dismissed with prejudice and without costs or fees. However, Oron itself filed the motion to dismiss the case without prejudice (Dkt. 33). The fact that it now sees why that decision may have had unforeseen costs does not justify re-writing this case's history, which might have been very different, and far less expensive, if Oron had filed a motion to dismiss the case with prejudice at an earlier stage.

**B. Recovery is limited to expenses incurred prior to Oron's filing of its motion to dismiss.**

Despite the Court's previous statement that recovery would be limited to expenses incurred prior to Oron's filing of its motion for voluntary dismissal, Southfield's billing records include over one hundred hours—approximately 30% of the hours for which it requests compensation—for hours billed after Oron filed its motion to dismiss the case without prejudice.

Southfield does not present an argument in the analysis section of its brief for why the Court should reconsider its previous decision, which should have been presented as a motion to reconsider. Instead, it asserts that it was "forced" to continue litigating this case under the scheduling order, because the Court did not immediately rule on the motion for voluntary dismissal or Oron's motion for a protective order. Statement of Facts ¶ 10 (Dkt. 46). However, Southfield never sought an adjournment of the scheduling order, which could have spared the parties the

3

expenses incurred in litigating this case after Oron filed its motion to dismiss without prejudice. Furthermore, the case proceeded because Southfield refused to agree to dismissal. Of course, it had the right to do so, but expenses Southfield incurred because it wished to see this case through judgment cannot be said to "offset the prejudice the defendant may suffer from a dismissal without prejudice." See Bridgeport Music, Inc., 583 F.3d 948. Oron had a perfectly acceptable reason for wishing to dismiss the case—it was not cost-effective to litigate once class status was denied— and Oron acted promptly to dismiss the case once class status was denied. Southfield's costs in pressing the case further were incurred because Southfield wished the case to go further, and it is not entitled to fees for that portion of the case.

**C. Recovery is limited to costs actually incurred.**

Counsel for Southfield has not submitted its bills or informed the Court of the rates it actually charged Southfield. Instead, Southfield submitted data from the 2017 Economics of Law Practice Attorney Income and Billing Rate Summary report prepared by the State Bar of Michigan and proposes various formulas by which its attorneys' reasonable rates should be calculated. Oron opposes this method, noting that municipal governments often negotiate favorable rates for paying attorneys, likely less than the rates Southfield seeks to recover from Oron.

This Court has little to add to an opinion rejecting Southfield and its attorneys' position in a previous case:

> When attorney's fees are awarded to the prevailing party under fee-shifting statutes, such as 42 U.S.C. § 1988, the hourly rate is often derived by calculating the "prevailing market rates in the relevant community." Blum v. Stenson, 465 U.S. 886, 895 , 104 S. Ct. 1541, 79 L. Ed. 2d 891 (1984). In those cases, a reasonable attorney's fee is considered to be "'adequate to attract competent counsel, but . . . [that does] not produce windfalls to attorneys.'" Id. at 897 (quoting S.Rep. No. 94-10011, p. 6 (1976)) (modifications supplied in Blum). Using the market rate "produces an award that roughly approximates the fee that the prevailing attorney would have received if he or she had been representing a paying client who was

> billed by the hour in a comparable case." Perdue, 559 U.S. at 551 (emphasis in original).
>
> But when the attorneys represent prevailing parties who have been billed by the hour, courts have looked to the actual hourly rate that they billed and/or the rates that those attorneys charge in general. Kelley v. Metro. Cty. Bd. of Educ., 773 F.2d 677, 683 (6th Cir. 1985) ("[T]he attorney's normal hourly billing rate should be a key focal point in award determinations."); Scales v. J.C. Bradford & Co., 925 F.2d 901, 909-10 (6th Cir. 1991) (district court did not abuse its discretion in relying upon attorney's hourly rates rather than market rates in the community); Gascho v. Glob. Fitness Holdings, LLC, 822 F.3d 269, 280 (6th Cir. 2016) (lodestar figure based upon attorney's billed rates); United States v. One Star Class Sloop Sailboat built in 1930 with hull no. 721, named "Flash II", 546 F.3d 26, 40-41 (1st Cir. 2008) ("[T]he rate that private counsel actually charges for her services, while not conclusive, is a reliable indicium of market value."); People Who Care v. Rockford Bd. of Educ., Sch. Dist. No. 205, 90 F.3d 1307, 1310-11 (7th Cir. 1996) ("The attorney's actual billing rate for comparable work is 'presumptively appropriate' to use as the market rate."); Crescent Publ'g Grp., Inc. v. Playboy Enterprises, Inc., 246 F.3d 142, 151 (2d Cir. 2001) ("[F]or prevailing parties with private counsel, the actual billing arrangement is a significant, though not necessarily controlling, factor in determining what fee is 'reasonable.'").
>
> And a review of prior cases applying the lodestar method reveals that private attorneys requesting an award of attorney's fees generally include their normal hourly rates and/or hourly rates for the litigation at issue within their proofs. See, e.g., Gascho, 822 F.3d at 280 (declarations included billing rates for each counsel); Pogue v. Nw. Mut. Life Ins. Co., No. 3:14-CV-598-CRS, 2017 U.S. Dist. LEXIS 62226, 2017 WL 1520432, at *3 (W.D. Ky. Apr. 25, 2017) (attorney presented the range of hourly rates at his firm, his usual hourly rate and the rate he charged for that action.). Defendants cited no opinions in which the billing amounts were redacted or any authority to support a privilege to redact those amounts.

Beard v. Hawkins, No. 14-13465, 2017 WL 2590344, *3 (E.D. Mich. May 22, 2017) (modifications in the original), adopted 2017 WL 2572179 (June 14, 2017).

As that court stated, "the nature of the fee award is also relevant here . . . ." Id. Here, the purpose of the award was to offset the costs and prejudice Southfield experienced by being forced to defend this matter without receiving a judgment or dismissal with prejudice. The purpose was to compensate Southfield for its costs, not to punish Oron or to produce a windfall for Southfield and its attorneys. See 1/8/20 Op. & Order at 5 ("But other fees and costs incurred by the City in defending the present action prior to Oron's filing of its motion to dismiss may be awarded.").

That purpose can be achieved by shifting Southfield's actual costs to Oron, not by calculating a fee out of whole cloth that would result in a windfall for Southfield and its attorneys. As discussed below, counsel for Southfield is ordered to submit its actual billing rates as charged to its client for work on this case if it wishes to pursue the matter of fees.

**D. Southfield's billing for work deemed by the 1/8/2020 Order to be compensable is reasonable and must be paid by Oron.**

Oron has objected to 15.3 hours "as being excessive for the task performed." Resp. at 3-4. It further objects to 4.2 hours billed on October 22, 2018 titled "'Continued Preparation of Litigation Action Plan. (Dkt. 46-2, Pg. 2)," because that description is vague. A case cited by both parties states the following standard:

> The number of hours reasonably expended on a matter includes time spent drafting and revising pleadings, meeting with clients, and preparing the case for trial. [Hensley v. Eckerhart, 461 U.S. at 424, 433-34 (1983)]. The court may reduce the hours claimed where the documentation is inadequate or the time was not "reasonably expended." Mehney–Egan v. Mendoza, 130 F.Supp.2d 884, 886 (E.D. Mich. 2001). "Hours are not reasonably expended if they are excessive, redundant, or otherwise unnecessary. 'A fee is clearly excessive when, after a review of the facts, a lawyer of ordinary prudence would be left with a definite and firm conviction that the fee is in excess of a reasonable fee.' Mich. R. Prof'l Conduct (MRPC) 1.5." Ibid. (citation omitted).

Pucci v. Somers, 834 F. Supp. 2d 690, 702 (E.D. Mich. 2011), aff'd sub nom. Pucci v. Nineteenth Dist. Court, 596 F. App'x 460 (6th Cir. 2015).

Here, a lawyer of ordinary prudence would not be left with a definite and firm conviction that the fees in dispute were excessive. The billing is reasonably detailed, and the hours billed do not appear disproportionate to the tasks accomplished. Furthermore, the fact that the recovery is limited to fees actually charged to Southfield—a position for which Oron advocates—works against Oron. When a lawyer presents a bill to her own client, "the attorney and client have presumably built up a relationship of mutual trust and respect; the client has confidence that his

lawyer has exercised the appropriate 'billing judgment' . . . and unless challenged by the client, the billing does not need the kind of extensive documentation necessary for a payment under [28 U.S.C. § 1988]." See Hensley, 461 U.S. at 441 (Burger, C.J., concurring). Provided that Southfield was actually charged, and did not object to these hours—a fact to which counsel for Southfield much attest in their next filing—these hours will be compensable.

Oron also objects to one hour billed on February 15, 2019, that appeared to be related to Southfield's discovery production. Id. at 4. However, counsel for Southfield certified that the itemization submitted was "an accurate account for the hours billed for non-document production related work." Reply at 5.

Finally, Oron argues that 50 hours related to discovery and depositions—but not Southfield's production—should be excluded. However, unlike the document production, this discovery appears to be specific to this case. Therefore, under the terms of the previous order, Oron must compensate Southfield for these fees.

### E. Southfield's costs must be compensated as submitted.

Oron objects to the inclusion of non-taxable costs. Neither party cites any authority as to whether costs granted as a condition of a Rule 41(a) dismissal are limited to those that are taxable under Rule 54)(d)(1). The Court once again relies upon the broad grant of authority under Bridgeport Music, Inc., and upon the purpose of fee shifting in this case, to compensate Southfield for the expense and prejudice of the dismissal without prejudice. Oron must pay the costs submitted by Southfield.

## II. CONCLUSION

Southfield is awarded $1,570.70 in costs. The remainder of the motion (Dkt. 46) is denied.

If Southfield wishes to pursue the issue of fees, it must file, on or before October 1, 2020, a renewed motion for fees, not to exceed seven pages exclusive of attachments, substantiating fees based on the actual rates charged to Southfield. The fees requested must not include any time spent working on the case subsequent to Oron's filing the motion to dismiss without prejudice. Oron may file a response, not to exceed seven pages exclusive of attachments, on or before October 15, 2020. Southfield may file a reply, not to exceed three pages exclusive of attachments, on or before October 19, 2020.

    SO ORDERED

Dated: September 16, 2020                      s/Mark A. Goldsmith
       Detroit, Michigan                     MARK A. GOLDSMITH
                                                  United States District Judge